

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00168-CR
No. 02-24-00169-CR
No. 02-24-00170-CR
No. 02-24-00171-CR
No. 02-24-00172-CR

_____

ELISEO SUAREZ, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court Nos. 1746528, 1746572, 1749740, 1753399, 1800908

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

Pursuant to a plea bargain, Appellant Eliseo Suarez pleaded guilty to two counts of engaging in organized criminal activity (EOCA), one count of unlawful possession of a firearm (UPF), two counts of aggravated assault of a public servant, one count of theft of a firearm, and one count of possession of a prohibited item in a correctional facility. Following a hearing on punishment, the trial court sentenced Suarez, in accordance with the plea bargain, to 22 years' confinement for each EOCA count, 10 years' confinement for the UPF count, 60 years' confinement for each aggravated-assault count, 1 year's confinement for the firearm theft, and 7 years' confinement for the unlawful-possession count. Suarez timely appealed. The trial court's certifications of Suarez's right of appeal indicate that each case "is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal."

After determining that Suarez's appeals are frivolous, his court-appointed appellate attorney filed a motion to withdraw as counsel and, in support of that motion, a brief. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's motion and brief meet the requirements of *Anders* by presenting a professional evaluation of the records demonstrating why there are no arguable grounds for relief. *See id.* at 744, 87 S. Ct. at 1400. Additionally, in compliance with *Kelly v. State*, counsel provided Suarez with copies of the brief and the motion to withdraw; he informed Suarez of his right to file a pro se response, to review the records, and to seek discretionary review pro se should this court declare his appeals

2

frivolous; and he sent Suarez a form motion for pro se access to the appellate records. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Suarez had the opportunity to file a pro se response to the *Anders* brief but did not do so. In lieu of a brief, the State filed a letter waiving its right to respond to the *Anders* brief.

After an appellant's court-appointed counsel fulfills the requirements of *Anders* and files a motion to withdraw on the ground that the appeal is frivolous, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the records and counsel's brief and have determined that, but for minor corrections to four of the judgments and to all five bills of costs, these appeals are wholly frivolous and without merit. We find nothing in the records that might arguably support the appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

The trial court assessed $290 in court costs in five of the seven judgments but ordered that the costs run concurrently with the sentences; it also ordered that the costs were not payable until Suarez's release. *See Ramirez v. State*, No. 02-24-00224-CR, 2025 WL 1350046, at *3 (Tex. App.—Fort Worth May 8, 2025, no pet.) (mem. op., not designated for publication). Because the cases were tried together, costs should have been assessed in only one of the cause numbers. *See* Tex. Code Crim. Proc. Ann. art. 102.073;

3

*Johnson v. State*, Nos. 02-23-00090-CR, 02-23-00091-CR, 02-23-00092-CR, 02-23-00093-CR, 2024 WL 1318238, at *3 (Tex. App.—Fort Worth Mar. 28, 2024, pet. ref'd) (mem. op., not designated for publication). When a trial court erroneously assesses court costs for multiple convictions that were tried in a single proceeding, we normally retain the court costs for the offense of the highest category and modify the judgments in the offenses of the lower categories to delete the duplicate court costs. *Johnson*, 2024 WL 1318238, at *3. For convictions in the same category of offense with identical assessed costs, the court costs should be based on the lowest cause number. *Id.* Here, four of the judgments were for first-degree-felony offenses (the EOCA and aggravated-assault offenses), so we retain the costs in the lowest cause number for those offenses.

Having determined that the appeals are frivolous, we grant counsel's motion to withdraw. We modify the judgments in trial court cause numbers 1746572, 1749740, 1753399, and 1800908 to delete the assessment of $290 in court costs, and we affirm those judgments as modified. We affirm the Count One and Count Three EOCA judgments and the Count Five UPF judgment in trial court cause number 1746528. Additionally, we correct the bills of costs in all five trial court cause numbers to show $0, instead of $290, due at this time.

/s/ Wade Birdwell
Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

4

Delivered: August 14, 2025